IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------ :
                                                       : CASE NO. 1:12-cv-02453
ANTHONY CASTELVETERE,                                  :
                                                       :
                                          Plaintiff,   : MEMORANDUM OF OPINION AND
                                                       : ORDER ADOPTING THE
                       -vs-                            : MAGISTRATE JUDGE'S REPORT AND
                                                       : RECOMMENDATION
                                                       :
PHIL MESSER, et al.,                                   :
                                                       :
                                         Defendants.
------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

  This matter comes before the Court on the plaintiff's objections to United States Magistrate Judge Nancy A. Vecchiarelli's Report and Recommendation that defendants City of Mansfield and Phil Messer's motion for summary judgment be granted in part and denied in part[1]; and that defendant James Wernecke's motion to dismiss be

---

[1] As described below, although the Magistrate Judge advised denying summary judgment as to the plaintiff's state law claims, she nonetheless recommended their dismissal pursuant to 28 U.S.C. § 1367(c).

granted. For the reasons that follow, the objections will be overruled and the Magistrate Judge's Report and Recommendation will be adopted in its entirety.

### I. Standard of Review

This Court makes "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." Local Rule 72.3(b). The failure by either party to file specific objections constitutes a waiver of the right to appeal the Magistrate Judge's recommendations. Thomas v. Arn, 474 U.S. 140, 155 (1985); Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 508–09 (6th Cir. 1991).

### II. Background

From 2003 to August 2011, the plaintiff Anthony Castelvetere was a fire inspector for the State of Ohio Fire Marshal's Office. He was responsible for fire inspections in the Counties of Richland, Knox, Morrow, Delaware, and Franklin. In 2005, he and his wife started a business on the side, Safety Service Attire, LLC, which sold uniforms and safety equipment to police and fire department personnel. In June 2008, Mr. Castelvetere sought a contract with Defendant City of Mansfield to provide equipment to the Mansfield Police Department. The City of Mansfield rejected his bid in favor of a company whose owner allegedly had friendly ties with Defendant Phil Messer, Mansfield's Chief of Police at that time. On 5 August 2008, Mr. Castelvetere attended a city council meeting and complained that the City of Mansfield and Chief Messer

improperly showed favoritism toward the supplier that won the contract. Chief Messer, who was in attendance, stated that he would investigate the allegation.

On 7 August 2008, an anonymous call was placed to Defendant Wernecke, an official with the Ohio State Highway Patrol. The caller alleged that the plaintiff had been carrying out the private business of Safety Service Attire, while working on state time as a state fire inspector. An investigation of the plaintiff was initiated, and a search warrant was executed on his home. A grand jury indicted the plaintiff on five felony charges of theft in office, tampering with records, and theft of a motor vehicle. On 13 May 2011, Mr. Castelvetere pled guilty to lesser charges of dereliction of duty in violation of R.C. § 2921.44(E), and unauthorized use of a motor vehicle in violation of R.C. § 2913.03(A). On 12 August 2011, his employment with the State Fire Marshal's Office was terminated.

In September 2011, Mr. Castelvetere formed the belief that it was Chief Messer who had anonymously contacted Mr. Wernecke and provided the information that prompted the investigation of the plaintiff. Mr. Castelvetere contends that the anonymous call was made and the criminal investigation was initiated as retaliation for his having spoken out at the city council meeting with regards to the propriety of the City of Mansfield's bidding process.

The plaintiff filed this lawsuit on 1 October 2012 against Phil Messer, James Wernecke of the Ohio State Highway Patrol, the City of Mansfield, and several John Does. The plaintiff amended his complaint on 24 January 2013, asserting six claims: (1) First Amendment retaliation claim against Chief Messer; (2) First Amendment retaliation against the City of Mansfield; (3) Substantive due process against Chief Messer and the

3

City of Mansfield; (4) § 1983 conspiracy against Chief Messer and Mr. Wernecke; (5) Tortious interference with employment relations against Chief Messer; and (6) Civil conspiracy against Messer, Wernecke, and John Does I, II, and III.

### III. The Defendants' Motions and the Magistrate Judge's Recommendations

#### A. Defendant Wernecke's Motion to Dismiss

On 1 March 2013, Mr. Wernecke filed a motion to dismiss arguing that the § 1983 conspiracy claim (Count IV) is untimely or, alternatively, that it is insufficiently pled. Mr. Wernecke argues that the state law civil conspiracy claim (Count VI) fails for lack of subject matter jurisdiction, because the plaintiff did not raise it in the Ohio Court of Claims. The plaintiff never responded Mr. Wernecke's motion to dismiss. The Magistrate Judge accordingly recommended that Mr. Wernecke's motion be granted and the claims against him be dismissed for lack of prosecution. The Magistrate Judge also advised that the claim against the John Doe defendants be dismissed for failure to comply with the Court's Order that those defendants be identified by 26 March 2013. The plaintiff does not object to either recommendation, and the Court accordingly accepts them.

#### B. Defendants Mansfield and Chief Messer's Motion for Summary Judgment

In May 2013, defendants City of Mansfield and Chief Messer filed a motion for summary judgment, arguing that qualified immunity bars the plaintiff's federal

4

constitutional claims.[2] The Magistrate Judge agreed, and she advised granting summary judgment with respect to Counts I-IV. The Magistrate Judge rejected the defendants argument that the plaintiff's state law claims are untimely, and she recommended denying summary judgment as to those claims (Counts V & VI). However, she concluded that these claims should nonetheless be dismissed in an exercise of the Court's discretion, pursuant to 28 U.S.C. § 1367(c). As noted by the Magistrate Judge, "where, as here, 'all federal claims are dismissed before trial, the balance of considerations will usually point to dismissing the state law claims." (Report and Recommendation, Doc. 39, p. 27) (quoting Musson Theatrical, Inc. v. Fed. Express Corp., 89 F.3d 1244, 1254-55 (6th Cir. 1996)). Thus, based on the recommendation that the plaintiff's federal claims be dismissed, the Magistrate Judge advised that the Court decline to exercise jurisdiction over the plaintiff's state law claims.

The plaintiff now objects, but only with respect to the recommendations as to Counts I and II. Therefore, the recommendations as to Counts III and IV, being uncontested, will be accepted. Further, as described below, because the plaintiff's objections as to Counts I and II have no merit, the Court will decline supplemental jurisdiction over the plaintiff's state law claims, consistent with the recommendation of the Magistrate Judge.

---

[2] The City of Mansfield and Chief Messer initially argued that the facts did not support the plaintiff's allegations, but in their reply brief they advanced the new argument that qualified immunity bars the plaintiff's claims. The Magistrate Judge allowed the plaintiff to respond to the arguments for qualified immunity on sur-reply. (Doc. 35).

Counts I and II of the Amended Complaint are both claims of First Amendment retaliation. Mr. Castelvetere alleges that in response to the remarks he made at the city council meeting regarding Mansfield's bidding process, the City of Mansfield and Chief Messer initiated an investigation of him that resulted in a grand jury indictment, two misdemeanor convictions, and his termination as a state fire inspector. According to the plaintiff, the anonymous call to Mr. Wernecke, which prompted the investigation, was placed by Chief Messer. Mr. Castelvetere contends that by making the call, Chief Messer "caused Plaintiff to suffer an injury that would likely chill persons of ordinary firmness from continuing to engage in such constitutionally protected activities." The plaintiff contends that Chief Messer and the City of Mansfield are both liable for this constitutional injury.

Magistrate Judge Vecchiarelli concluded qualified immunity was appropriate, because the plaintiff does not allege "facts sufficient to indicate that the act in question violated clearly established law at the time the act was committed." Russo v. City of Cincinnati, 953 F.2d 1036, 1043 (6th Cir. 1992). In reaching this conclusion, the Magistrate Judge first noted that the plaintiff was charged by indictment, and she cited the proposition that "an indictment conclusively establishes probable cause in the context of § 1983." (Report and Recommendation, Doc. 39, p. 16). The Magistrate Judge accordingly reasoned that "because there is no case law clearly establishing a constitutional right to be free from retaliatory allegations that lead to an indictment that is otherwise supported by probable cause," qualified immunity bars the plaintiff's retaliation claims as set forth in Counts I and II. (Report and Recommendation, Doc. 39, p. 16).

6

The plaintiff objects and contends that this reasoning improperly focuses on the existence of probable cause in relation to the grand jury indictment. According to the plaintiff, the question is not whether the indictment establishes probable cause. Rather, the proper focus is whether Chief Messer had probable cause to make the anonymous phone call to Mr. Wernecke. The plaintiff contends that if it is proven that "(1) Messer made the anonymous call, and (2) his motivation for doing so was retaliation against the Plaintiff for having exercised his constitutional rights, then Plaintiff will win this case." (Plaintiff's Objections, Doc. 41, p. 3). The Court disagrees.

As noted in the Report and Recommendation, the problem with this argument is that Mr. Castelvetere does not cite any case law holding that a plaintiff suffers a constitutional injury when an investigation is prompted by an individual who lacks the probable cause for setting it in motion. The Court's own research has revealed no such authority. Moreover, as the Magistrate Judge was careful to explain, the plaintiff's case is foreclosed by Hartman v. Moore, 547 U.S. 250, 257 (2006), which held on operative facts similar to those at bar that "a plaintiff in a retaliatory prosecution action must plead and show the absence of probable cause for pressing the underlying criminal charges." In this instance, the plaintiff does not dispute that the grand jury indictment conclusively establishes the existence of probable cause. Therefore, the plaintiff's objections are overruled.

**IV. Conclusion**

Magistrate Judge Vecchiarelli's Report and Recommendation is adopted. Therefore, this Court orders that: the John Doe Defendants are dismissed; the Plaintiff's

claims against Defendant Wernecke are dismissed for lack of prosecution; and the City of Mansfield and Chief Messer's Motion for Summary Judgment (Doc. 26) is granted in part and denied in part: specifically, granted with respect to Plaintiff's § 1983 claims (Counts I, II, III, IV), and denied with respect to the Plaintiff's state law claims (Counts V and VI). Further, the Court declines to exercise supplemental jurisdiction over, and dismisses, the Plaintiff's state law claims (Counts V and VI).

    IT IS SO ORDERED.

                                                /s/ Lesley Wells
                                         UNITED STATES DISTRICT JUDGE

Date:  11 March 2014